# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| VICKI L. TEST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 06-06147-CV-SJ-FJG-SSA |
| MICHAEL J. ASTRUE[1], COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 et seq., in which plaintiff requested review of the Commissioner's decision denying his application for disability benefits. Plaintiff's claims were denied initially. On April 28, 2006, an administrative law judge (ALJ) rendered a decision in which he found that plaintiff was not under a "disability," as defined in the Act. On October 27, 2006, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Thus, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on plaintiff's motion for judgment. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial

---

[1] Michael J. Astrue was sworn in as Commissioner of the Social Security Administration on February 12, 2007.

review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more than a mere scintilla but less than a preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997), citations omitted. The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected

2

to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

Plaintiff contends that the ALJ committed the following errors in rendering her decision: (1) failed to consider the medical opinion of Dr. Kathy Harm and give controlling weight to plaintiff's other treating medical sources, (2) failed to include all of plaintiff's impairments in the hypothetical to the vocational expert, and (3) failed to consider and address all third party opinions in the record.

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the additional medical and documentary evidence. In this case, the Court cannot find substantial evidence on the record to support the commissioner's decision. Specifically, the Court finds the ALJ erred in (1) failing to consider the medical opinion of Dr. Kathy Harm, (2) failing to reference plaintiff's mental impairments in the hypothetical to the vocational expert, and (3) failing to fully consider third party observations in evaluating plaintiff's credibility under Polaski v. Heckler. The record indicates that Dr. Harm gave a psychological evaluation of plaintiff on July 8, 2004. Dr. Harm gave a Global Assessment Functioning (GAF) of 45 based on the following findings: plaintiff has major depression, panic disorder, poly-substance abuse, mild mental retardation, borderline personality disorder, liver damage, victim of sexual and neglect as a child. Dr. Harm recommended that a guardian be appointed for plaintiff, that plaintiff could not take care for herself or her children, and that she would qualify for social security disability. Defendant admits the ALJ failed to consider Dr. Harm's opinion, but disagrees that such a failure warrants reversal

3

of the ALJ's findings because the low GAF score of 45 in Dr. Harm's opinion was partially based on plaintiff's substance abuse. The Court disagrees with defendant's reasoning. The ALJ should have considered Dr. Harm's opinion especially because Dr. Harm's report supports the existence of plaintiff's mental impairments–mental impairments which the ALJ failed to mention when giving her hypothetical to the vocational expert. Further, the ALJ "must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and **observations by third parties** and treating and examining physicians." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). Thus, the ALJ should address the third party observations contained within the record.

Plaintiff requests that the Court reverse this decision or in the alternative reverse and remand for the ALJ to properly consider all of the medical opinions in the record. The Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correctly evaluate the above-mentioned errors. Upon remand, the ALJ should articulate what weight should be given to Dr. Harm's medical opinion, assess the effect of plaintiff's mental impairments when determining plaintiff's RFC, and consider third party opinions in evaluating plaintiff's subjective complaints. Additionally, the ALJ must include plaintiff's mental impairments in obtaining testimony from the vocational expert.[2]

Therefore, for the foregoing reasons, it is **ORDERED** that plaintiff's motion for

---

[2]The Court notes that "an SSI claimant need not prove that [he] is bedridden or completely helpless to be found disabled and the fact that claimant cooks and cleans for [him]self, shops for groceries, does laundry, visits friends, attends church, and goes fishing does not in and of itself constitute substantial evidence that a claimant possesses the residual functional capacity to engage in substantial gainful activity." See Cline v. Sullivan, 939 F.2d 560, 566 (8th Cir. 1991) citations omitted.

4

summary judgment (Doc. No. 10) is **GRANTED.**  The decision of the Secretary is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order.

**IT IS SO ORDERED**.


Date: 10/30/07        **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
        Chief United States District Judge